DYK, Circuit Judge,
concurring-in-part and dissenting-in-part.
I agree with the majority’s conclusion that the District Court correctly applied the claim term “flexible fabric ... panel” in claim 26 to the appellee’s Electrician CarryAlls Bag (“CarryAlls Bag”) and correctly found that Travel Caddy will not likely succeed in proving that the CarryAlls Bag infringes claim 26. However, in my view, the majority incorrectly restricted the scope of claim 19 by construing the claim term “between” to mean “only between” and incorrectly approved the district court’s finding that Travel Caddy will not likely succeed in proving that appellee’s Heavy-Duty ProTool Bag (“ProTool Bag”) infringes claim 19. I respectfully dissent from that aspect of the majority decision.
The majority correctly recognizes that “the preposition ‘between’ could be used to describe something that extends beyond the bounds of the objects of the preposition.” Maj. Op. at 319. In other words, a front panel, for example, could be “between” two end panels even if the front panel extends beyond the two end panels. However, the majority finds that the “written description and drawings of the '104 patent do not support such a broad interpretation of the term ‘between’ in the claims.” Id. at 319. I do not disagree with the majority’s claim construction in this respect. The claim is satisfied if the front and back panels extend to each edge of the end panels; it does not require that the front and back panels extend beyond the edges of the end panels.
The problem in my view is the next step in the majority’s construction, which is to treat the “between” limitation as though it read “only between.” There is no support for such a reading in the claim language, the specification, or the prosecution history. Indeed, the claim’s use of the term “comprising” is directly inconsistent with such a construction. It is well established that “comprising” is a “term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim.” Genentech, Inc. v. Chiron Corp., 112 F.3d 495 (Fed.Cir.1997); Manual of Patent Examining Procedure § 2111.03 “Transitional Phrases” (8th ed., Rev. 5, 2006) (“The transitional term ‘comprising’ ... is inclusive or open-ended and does not exclude additional, unrecited elements.... ”). Here, the additional feature, extensions of the *322 front and back panels beyond the end panels, is fully consistent with the “comprising” formulation and does not render the accused bags non-infringing.
The majority’s approach here is not unlike the approach we rejected in Stiftung v. Renishaw PLC, 945 F.2d 1173 (Fed.Cir. 1991). In Stiftung, the claims were directed to a device for mounting a stylus in a position-determining apparatus and were written as “comprising” claims. Id. at 1177-78. The district court had concluded that the accused device, though it included each of the claimed limitations, also included an additional signaling means, but that “[tjhere is nothing in the specification in regard to any embodiment which describes a signalling device which is activated by a piezoelectric element or other means.” Id. (quoting Stiftung v. Renishaw PLC, 740 F.Supp. 1038, 1046 (S.D.N.Y.1990)). That observation, we found, was irrelevant. Id. We explained:
The point is not whether the specification suggests the use of any means of signalling contact other than the kinematic mount claimed, but rather, whether the claim and specification in effect preclude any additional signalling means or otherwise require that the claim be limited to devices containing only the structures of the embodiments specifically described in the specification. Indeed, claim 2, which uses the term “comprising,” is an “open” claim which will read on devices which add additional elements....
Id. at 1178 (emphasis in original). We concluded that “the addition of another signalling means using a piezoelectric crystal does not avoid infringement.” Id. See also Free Motion Fitness, Inc. v. Cybex Int'l, Inc., 423 F.3d 1343, 1353 (Fed.Cir. 2005) (holding that an additional, undesirable prior art feature found in the infringing device did not preclude a finding of infringement).
Here, the accused ProTool Bag meets each limitation of claim 19 but includes the additional feature that the front and back panels extend beyond the end panels. The majority does not find that the patentee, in either the specification or the prosecution history, made an explicit disclaimer of claim scope in this respect. Because I think that claim 19 does not exclude bags that have front and back panels that extend beyond end panels, I would find that Travel Caddy has shown a likelihood of success with respect to the Pro Tool Bag. I would reverse that aspect of the District Court’s judgment.